USDC SCAN INDEX SHEET

















MAM    11/19/03    11:33
3:01-CV-02031   SAFETY SYRINGES INC V. BECTON DICKINSON
*79*
*O.*

FILED

03 NOV 17 PM 2: 12

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAFETY SYRINGES INC., a Delaware corporation,<br><br>               Plaintiff,<br><br>v.<br><br>BECTON, DICKINSON AND COMPANY, a New Jersey Corporation,<br><br>               Defendants. | Civil No: 01CV2031-B(JMA)<br>02CV0229-B(JMA) |
| SAFETY SYRINGES, INC., a Delaware corporation,<br><br>               Plaintiff,<br><br>v.<br><br>AVENTIS PHARMACEUTICALS, INC., a Delaware corporation,<br><br>               Defendants. | Civil No: 03CV1376-B(JMA)<br><br>**ORDER CONTINUING SUMMARY JUDGMENT HEARING AND SETTING MARKMAN HEARING** |

1

79

1    On November 6, 2003, the Court conducted a telephonic status conference in <u>Safety</u>

2   <u>Syringes v. Becton Dickinson</u> ("the <u>Becton Dickinson</u> cases"), 01CV2031 and 02CV0229,

3   and in <u>Safety Syringes v. Aventis Pharmaceuticals,</u> ("the <u>Aventis</u> case"), 03CV1376.

4   Appearing were Hope Melville, Esq. on behalf of Plaintiff Safety Syringes, Bill McElwain,

5   Esq. representing Defendant Becton Dickinson (01CV2031 and 02CV0229) and Bob

6   Neuner, Esq. representing Defendant Aventis Pharmaceuticals (03CV1376).

7    The principal issue before the Court regards the claims construction of U.S. Patent

8   No. 6,344,032 ("the '032 patent), which is the subject of the <u>Becton Dickinson</u> cases and

9   the <u>Aventis</u> case.  Plaintiff filed two separate suits against Becton Dickinson, alleging

10   patent infringement.  Cases 01CV2031 and 02CV0229, were filed on November 6, 2001

11   and February 6, 2002, respectively; the Court ordered the two cases consolidated on

12   February 20, 2002.  On February 14, 2003, the Court conducted a claims construction

13   hearing regarding the '032 patent in the <u>Becton Dickinson</u> cases.  The Court issued its

14   Claims Construction Order for the '032 patent in the <u>Becton Dickinson</u> cases on March 7,

15   2003.

16    On June 11, 2003, Plaintiff Safety Syringes filed a separate suit against Defendant

17   Aventis Pharmaceuticals, also alleging infringement of the '032 patent.  Pursuant to Civil

18   Local Rule 40.1(e), the <u>Aventis</u> case was low numbered to the <u>Becton Dickinson</u> cases.[1]

19   To date, the Court has not conducted a claims construction hearing and the parties have not

20   had an opportunity to present arguments regarding claims construction of the '032 patent in

21   the <u>Aventis</u> case because of the timing of the filing of this case.

22    In construing the claims of a given patent, public policy demands that courts

23   construe disputed claim terms consistently and uniformly when the same patent is the

24

25    [1]Pursuant to Civil Local Rule 40.1(d), a case may be low numbered if "any one or more civil
actions or proceedings pending or any one or more currently filed appear . . . (3) [to] involve the same
26   patent or the same trademark . . . or, (5) for other reasons would entail substantial duplication of labor
if heard by different judges."  Civ. Loc. R. 40.1(d).  Because the <u>Becton Dickinson</u> and the <u>Aventis</u>
27   cases involve allegations of infringement of the '032 patent, the <u>Aventis</u> case was low numbered to this
Court, which was already presiding over the <u>Becton Dickinson</u> cases.

28                                           2                         01CV2031, 02CV0229

1   subject of several lawsuits. <u>See</u> <u>Markman v. Westview</u> ("<u>Markman II</u>"), 517 U.S. 370, 391

2   (1996) (stating that part of the rationale advanced for allocating all issues of claims

3   construction to the court is to help ensure "uniformity in the treatment of a given patent").

4   As discussed above, both the <u>Becton Dickinson</u> cases and the <u>Aventis</u> case center around

5   alleged infringement of the '032 patent owned by Plaintiff Safety Syringes.  Under the

6   applicable public policy concerns, this Court must uniformly and consistently construe the

7   claims terms of the '032 patent.  However, Defendant Aventis Pharmaceuticals has not been

8   given its legal right to be heard regarding construction of any disputed claims of the '032

9   patent.  Accordingly, pursuant to the issues discussed at the November 6, 2003 conference,

10  the Court **HEREBY ORDERS:**

11      1.  The Court will conduct a claims construction hearing pursuant to <u>Markman v.</u>

12  <u>Westview</u> ("<u>Markman I</u>"), 52 F.3d 967 (Fed. Cir. 1995), for the '032 patent in the above

13  titled cases on **January 21 - 22, 2004**.[2]  The Claims Construction Order resulting from this

14  Markman hearing shall supercede any previous Claims Construction Order regarding the

15  '032 patent and be binding on the <u>Becton Dickinson</u> cases and the <u>Aventis</u> case.

16      2. In preparation for the Markman hearing, the Parties shall submit a joint

17  spreadsheet **on or before December 22, 2003**, with the following: (1) a column containing

18  the verbatim claims language of all disputed claim terms; (2) a column containing the

19  parties' agreed upon claim construction, if any, for a given claim term; (3) columns

20  containing each party's proposed claim construction for disputed claim terms; and (4) a

21  column for the Court to write in the claim construction it determines to be correct for each

22  claim term.

23      3. .Each party shall submit a brief in support of its proposed claim construction

24

25

26  _____

        [2]The claims construction hearing scheduled for January 21-22, 2004 will be the second claims
27  construction hearing for the '032 patent conducted in the <u>Becton Dickinson</u> cases.

28                                              3                      01CV2031, 02CV0229

1   language **on or before January 5, 2003**.[3]  Each party's respective brief is

2   limited to twelve pages in length, excluding exhibits and declarations.

3       4.  The summary judgment hearing date in the <u>Becton Dickinson</u> cases (01CV2031

4   and 02CV0229), currently set for January 20, 2004, is **CONTINUED** to **March 1, 2004 at**

5   **10:30 a.m.**  With respect to any motions for summary judgment, the parties shall file

6   summary judgment briefs on or before **February 2, 2004**.  Oppositions to the motions for

7   summary judgment shall be filed on or before **February 9, 2004**.  Replies in support of

8   motions for summary judgment shall be filed on or before **February 17, 2004**.[4]

9       5.  If they so choose, the parties in the <u>Aventis</u> case (03CV1376) may file motions

10   for summary judgment, if any, in accordance with the schedule set forth for motions for

11   summary judgment to be heard in the <u>Becton Dickinson</u> cases.  <u>See</u> ¶ 4, <u>supra</u>.

12       **IT IS SO ORDERED**

13   Dated: _11-10-03_

HON. RUDI M. BREWSTER
14                                            United States District Judge

15

16   cc:  Hon. Jan M. Adler
          United States Magistrate Judge
17

18       All Counsel of Record

19

20

21

22

23

24

25       [3]The parties should submit a courtesy copy of the briefs due on or before January 5, 2003
     directly with the undersigned's chambers.
26
         [4]The parties should submit a courtesy copy of all briefs filed regarding motions for summary
27   judgment directly with the undersigned's chambers.

28                                            4                          01CV2031, 02CV0229