USDC SCAN INDEX SHEET










```
RYC    10/12/04    14:13
3:01-CV-02031    SAFETY SYRINGES INC V. BECTON DICKINSON
*129*
*O.*
```

FILED

04 OCT 12 PM 12: 51

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAFETY SYRINGES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BECTON, DICKINSON AND COMPANY,<br><br>Defendants. | Civil No: 01CV2031-B(JMA)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION ONLY REGARDING NO LITERAL INFRINGEMENT BY DEFENDANT [117-1]** |

## I.   INTRODUCTION

Before the Court is Plaintiff Safety Syringes, Inc.'s ("Safety Syringes") motion for reconsideration of this Court's order dated July 14, 2004, granting in part summary adjudication in favor of Defendant Becton, Dickinson and Company ("BD") of no literal infringement of United States Patent Number 6,344,032 ("the '032 Patent") with respect to "locking." The order dated July 14, 2004, has been superceded by this Court's order ("the Order") dated October 7, 2004, and filed *nunc pro tunc* to July 14, 2004, which also

granted in part summary adjudication in favor BD of no literal infringement of the '032 Patent with respect to "locking." Safety Syringes asserts that it was a clear error of law for the Court to deny the full range of the ordinary and customary meaning of the word "locking" in the claim recitations "locking detent" and "locking mechanism." Defendant BD opposes Safety Syringes' motion for reconsideration.

For the reasons set forth below, the Court **FINDS** that there is no clear error of law that warrants reconsideration of its Order for summary adjudication in favor of BD with respect to the claim term "locking." Accordingly, the Court **DENIES** Safety Syringes' motion for reconsideration.

## II.   BACKGROUND

### A.   Background of the Claimed Invention

On August 8, 2000, Safety Syringes, which manufactures and sells products used in the medical and scientific fields, filed a patent application for a "disposable self-shielding unit dose syringe guard." See U.S. Patent No. 6,344,032 (issued Feb. 5, 2002). The '032 Patent is a mechanical patent directed to

> **a guard or adapter** for a medical cartridge, such as a unit dose cartridge or pre-filled syringe, that is used to inject medication or other drugs into a patient. Generally, the guard comprises two parts, namely a housing or body for receiving and holding the cartridge, and a protective case or shield slidably attached to the body. In addition, for a cartridge provided without its own plunger, an embodiment of the guard includes a finger grip plug that is attached to the body and a plunger connectable to the piston of the cartridge. The various parts are generally molded from a suitable plastic, such as polypropylene, synthetic resinous polymers of butadiene and styrene, or polycarbonate, having a clear finish.

U.S. Patent No. 6,344,032 (emphasis added); see Fig. 1, infra. The invention permits a medical care-giver to administer an injection to a patient and subsequently permanently isolate the needle portion of the syringe to prevent the medical care-giver from accidentally poking himself/herself or another. The medical care-giver can isolate the needle portion of the syringe after an injection by sliding the plastic shield portion of the guard distally (i.e. away from the medical care-giver administering the injection) until the guard locks into

place.[1] The medical care-giver can then dispose of the entire syringe/ needle unit, greatly reducing the risk associated with the disposal of used needles. The description of the guard taken from the '032 Patent includes: (1) an elongated hollow body member and (2) a protective shield member. See U.S. Patent No. 6,344,032, Col. 7:37-43.

### B. BD's Products

BD is also in the business of manufacturing and selling products used in the medical and scientific fields. Among the products that BD manufactures and sells is the BD Preventis Needle Shielding System ("Preventis"), which is a guard or adapter used to isolate the needle portion of a syringe unit after the administration of an injection to a patient. The principal difference between the claimed invention of the '032 Patent and the BD Preventis product is that the Preventis shield uses a spring-loaded mechanism to extend the shield to cover the needle, rather than requiring the person administering the injection to manually slide the shield/guard forward to cover the needle after use.

### C. Procedural Background

On November 6, 2001, Safety Syringes filed suit against BD alleging infringement of U.S. Reissue Patent No. 37,439 ("the RI '439 Patent) (Case No. 01CV2031). On February 6, 2002, Safety Syringes filed a separate complaint against BD alleging infringement of the '032 Patent. (Case No. 02CV229). On February 20, 2002, these two cases were consolidated under the lead case number 01CV2031.

On October 29, 2002, the parties stipulated to the dismissal with prejudice of the claim for infringement of the RI '439 Patent. This dismissal left only those causes of action associated with the '032 Patent. Accordingly, the Court conducted a Markman hearing regarding the disputed claims of the '032 Patent and on March 7, 2003, issued an order construing the disputed claims of the '032 Patent.

---

[1] Here, the term "distal" refers to the end of the guard that is farthest away from the person administering the injection; the term "proximal" refers to the end of the guard that is closest to the person administering the injection.

On July 11, 2003, Safety Syringes filed a separate complaint against Aventis Pharmaceuticals, Inc. ("Aventis") alleging infringement of the '032 patent. That case was low-numbered to the pending case between Safety Syringes and BD on July 21, 2003. After the case was low-numbered, the Court, on its own motion, scheduled a second Markman hearing regarding the '032 Patent involving Safety Syringes, Aventis and BD. See Case No. 03CV1376, Doc. No. 23. The Court took this action because of due process concerns associated with Aventis' not having had the opportunity to assert its position regarding the disputed claims of the '032 Patent.

On January 21, 2004, the Court conducted a second Markman hearing regarding the '032 Patent. The Court issued a superceding Markman Order regarding the disputed claims of the '032 Patent on January 29, 2004. On April 7, 2004, Safety Syringes filed a motion for partial summary judgment of infringement by BD and Aventis of the '032 Patent. On May 19, 2004, BD and Aventis filed a joint opposition and cross-motion for summary judgment of non-infringement of the '032 Patent. On July 2, 2004, the suit brought by Safety Syringes against Aventis settled, thus disposing of the motion for summary adjudication as to Aventis only.

On July 7, 2004, the Court conducted a summary judgment hearing regarding the '032 Patent. On July 14, 2004, the Court issued an order granting in part and denying in part summary adjudication for both Safety Syringes and BD. On September 16, 2004, the Court issued a superceding summary adjudication order *nunc pro tunc* to July 14, 2004. On October 7, 2004, the Court issued a second superceding summary adjudication order *nunc pro tunc* to July 14, 2004. Pursuant to a discrepancy order dated August 12, 2004, Safety Syringes filed the instant motion for reconsideration *nunc pro tunc* to August 5, 2004. On August 31, 2004, BD filed its opposition to Safety Syringes' motion. On September 8, 2004, Safety Syringes filed its reply in support of its motion for reconsideration. Safety Syringes' motion for reconsideration came on for regular hearing on September 21, 2004, at 2:00 p.m.

## III. DISCUSSION

### A. Standard of Law

The reconsideration of a court order under Federal Rule of Civil Procedure 59(e) (motion to alter or amend judgment) or Federal Rule of Civil Procedure 60 (b) (motion for relief from final judgment or order) is appropriate only if the district court: (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. See School Dist. No. 1J, Multonomah County, Or. v. Acands, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Materials available at the time of filing of an opposition are not "newly discovered evidence" warranting a reconsideration of summary judgment. Trenatcosta v. Frontier Pacific Aircraft Indus., Inc., 813 F.2d 1553, 1557 (9th Cir. 1987); Frederick S. Wyle Professional Corp. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir. 1985).

### B. Analysis - Motion for Reconsideration

Safety Syringes contends that the law requires a court to give a claim term the full range of its ordinary meaning as understood by persons skilled in the relevant art. Doc. No. 117, page 1. Safety Syringes asserts that the claim term "locking" in the '032 Patent includes two meanings: (1) to shut in or shut out and (2) to immobilize or render immoveable.[2] Doc. No. 117, page 3. Safety Syringes argues that by limiting the claim term "locking" solely to immobilization (i.e. to the second definition of "locking"), the Court has not given the claim term its full range of meaning and has thus committed an error of law. Safety Syringes contends that the term "locking" is not limited to immobilization.

BD counters that Safety Syringes is re-asserting claim construction arguments. BD argues that nothing has changed in this case to provide the Court a basis for reconsidering its summary adjudication order. BD contends that it was proper for the court to construe the

---

[2]Shutting in or out encompasses restraint in movement in one direction, whereas immobilization encompasses restraint in movement in both directions.

claim term "locking" in light of the intrinsic evidence and that the Court did not make an error of law.

The point at issue in this case is whether the Court made an error of law in construing the claim term "locking" as requiring immobilization. The arguments that Safety Syringes raises in its motion for reconsideration were set forth in its Markman brief and during the Markman hearing. Thus, Safety Syringes' motion for reconsideration of the summary adjudication order is an improper attempt to take another "bite" out of the claim construction "apple." Safety Syringes arguments regarding the construction of the term "locking" were not persuasive during the Markman hearing or the summary judgment hearing, and they are not persuasive now.

Contrary to Safety Syringes argument, the Court did not commit an error of law in its construction of the term "locking." For example, the Court did not read limitations from the specification into the claims but construed the claims in light of the specification. Amgen, Inc. v. Hoechst Marion Roussel, 314 F.3d 1313, 1325 (Fed. Cir. 2003). When choosing the definition(s) of the term "locking," the Court made sure that the definition(s) it selected was (were) most consistent with the use of the term by the inventor in the intrinsic record. Texas Digital Systems, Inc. v. Telegenix, Inc., 308 F.3d 1193, 1203 (Fed. Cir. 2002). When analyzing the term "locking" in limitation [b][ii], the court observed how the term "locking" was used in other claims to construe the term consistently throughout the claims, in the absence of contrary instructions by the patentee. CVI/Beta Ventures, Inc. v. Tura LLP, 112 F.3d 1146, 1159 (Fed. Cir. 1997) (citing Fonar Corp. v. Johnson & Johnson, 821 F.2d 627, 632 (Fed. Cir. 1987)).

Without citing any supporting authority, Safety Syringes contends that it was legally improper for the Court to make any use of limitation [d] of claim 9 as a guide for construing "locking" as used in limitation [b] of claim 1, which is directed to a different structure than that of limitation [d]. Doc. No. 117, page 9. This argument is contrary to authority which

states that the meaning of a claim term must be defined in a manner that is consistent with its appearance in other claims in the same patent. CVI/Beta Ventures, 112 F.3d at 1159 (citing Fonar Corp., 821 F.2d at 632).

Therefore, based on (1) the glossary contained in the superceding Markman order dated January 29, 2004, (2) the specification, (3) the use of the term "locking" in other claims in the '032 Patent, and (4) the absence of instructions by the patentee indicating that the claim term "locking" should not be interpreted consistently throughout the entire patent, the Court concluded that the term "locking" in limitation [b][ii] required immobilization. Because BD's product did not involve immobilization of the syringe, the Court concluded that BD's product did not literally infringe the "locking" aspect of limitation [b][ii]. All of Plaintiff's arguments were carefully considered by this Court before it denied in part Plaintiff's motion for partial summary judgment with respect to the term "locking." Therefore, the Court **FINDS** that it did not make an error of law in its construction of the claim term "locking" and in its partial summary adjudication order in favor of BD.

## IV.  CONCLUSION

Because the Court did not commit an error of law in its Order for partial summary adjudication in favor of Defendant BD with respect to the claim term "locking," Plaintiff's motion for reconsideration is **DENIED**.

/////

/////

/////

/////

/////

/////

1 | **IT IS SO ORDERED**

2 | Dated: 10-12-04

3 | HON. RUDI M. BREWSTER
Senior United States District Judge

6 | cc: Hon. Jan M. Adler
7 | United States Magistrate Judge

9 | All Counsel of Record

8